## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.** 3:26-cr-00016 |
| **Plaintiff,** | : | |
| | : | **JUDGE** Michael J. Newman |
| v. | : | |
| | : | **I N D I C T M E N T** |
| **1. JOHNNY RAY PERKINS** | : | |
| | : | **18 U.S.C. § 922(g)(1)** |
| **2. ELISHA J. LOBBLEY** | : | **18 U.S.C. § 924(a)(8)** |
| | : | **18 U.S.C. § 924(c)** |
| **Defendants.** | : | **21 U.S.C. § 841(a)(1) & (b)(1)(C)** |
| | : | **21 U.S.C. § 846** |
| | : | |
| | : | **FORFEITURE ALLEGATION** |
| | : | |

**THE GRAND JURY CHARGES THAT:**

### COUNT 1
[21 U.S.C. §§ 846 and 841(b)(1)(C)]

On or about January 20, 2026, in the Southern District of Ohio, Defendants **JOHNNY RAY PERKINS, ELISHA J. LOBBLEY** and others known and unknown to the grand jury, knowingly and intentionally conspired to possess with intent to distribute and to distribute:

A. A mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance;

B. A mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance; and

C. A mixture and substance containing a detectable amount of methylenedioxymethamphetamine (MDMA), a schedule I controlled substance.

In violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

## COUNT 2
[21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)]

On or about January 20, 2026, in the Southern District of Ohio, Defendants **JOHNNY RAY PERKINS and ELISHA J. LOBBLEY,** aiding and abetting each other, knowingly and intentionally possessed with intent to distribute and to distribute:

A. A mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance;

B. A mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance; and

C. A mixture and substance containing a detectable amount of methylenedioxymethamphetamine (MDMA), a schedule I controlled substance.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), 18 U.S.C. § 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT 3
[18 U.S.C. § 924(c)]

On or about January 20, 2026, in the Southern District of Ohio, defendant **JOHNNY RAY PERKINS** knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States -- namely, conspiracy to possess with intent to distribute and to distribute controlled substances as alleged in Count 1 and possession with intent to distribute and to distribute controlled substances as alleged in Count 2 of the Indictment, in violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(C).

In violation of 18 U.S.C. § 924(c).

2

**COUNT 4**
[18 U.S.C. §§ 922(g)(l) and 924(a)(8)]

On or about January 20, 2026, in the Southern District of Ohio, defendant **JOHNNY RAY PERKINS** knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, and the firearm was in and affecting commerce.

In violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(8).

**FORFEITURE ALLEGATION 1**

Upon conviction of one or more of the offenses set forth in Counts 1 and/or 2 of this Indictment, Defendants **JOHNNY RAY PERKINS and ELISHA J. LOBBLEY** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s) including, but not limited to, a Beretta, model M9, 9mm caliber pistol, serial number 152606, with any attachments and ammunition.

**FORFEITURE ALLEGATION 2**

Upon conviction of any of the offenses set forth in this Indictment, Defendant **JOHNNY RAY PERKINS** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation(s) including, but not limited to, the firearm and ammunition listed in Forfeiture Allegation 1.

**SUBSTITUTE ASSETS**

If any of the property described above, as a result of any act or omission of the defendants:

3

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28

U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the

property described above.

A TRUE BILL

S/ Foreperson
FOREPERSON

DOMINICK S. GERACE II
United States Attorney

GEORGE R. PAINTER (0097271)
ERICA D. LUNDERMAN (0098342)
Assistant United States Attorneys

4